Douglas T. Tabachnik, Esq. (DT 6337)
**LAW OFFICES OF DOUGLAS T. TABACHNIK**
Counsel Designate to the Debtor
Three Osage Drive
Old Bridge, New Jersey 08857-2910
(732) 360-2112

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x      In Proceedings For a
                                                  Reorganization
                                                  Under
                                                  CHAPTER 11
                                                  Case No. 00-41645 (CB) through
SMART WORLD TECHNOLOGIES, LLC         00-416647 (CB)

                            Debtor.
-----------------------------------------------------------x

**AFFIDAVIT OF DOUGLAS T TABACHNIK PURSUANT TO LOCAL
BANKRUPTCY RULE 9077-1 IN SUPPORT OF ORDER TO SHOW CAUSE**

STATE OF NEW JERSEY   )
                                )SS:
COUNTY OF MIDDLESEX  )

        DOUGLAS T. TABACHNIK, being duly sworn, deposes and says:

        1.    I am an attorney at law admitted to the Bar of this Court and a principal of the firm of The Law Offices of Douglas T. Tabachnik ("DTT") located at three Osage Drive, Old Bridge, New Jersey 08857-2910, counsel for Smart World Technologies, LLC, Smart World Communications, Inc. and Freewwweb, LLC (collectively the "Debtors").

        2.    I submit this affidavit pursuant to Local Bankruptcy Rule 9077-1(a) in support of the proposed prefixed Order to Show Cause to authorize the Debtors to retain the law offices of Riker Danzig Scherer Hyland & Perretti, LLP as special litigation counsel to the Debtors.

        3.    The Debtors collectively filed for protection under Chapter 11 of the

Bankruptcy Code on June 29, 2000 (the "Petition Date") because the Debtors' wholesale Internet service and telecommunications providers had, pre-petition, threatened to switch off all Internet access to the Debtors unless they were paid for connection services to the Internet in the sum of $2.3 million with additional payments to follow regarding past due amounts. In order to maximize the value of their estates, the Debtors entered into a letter agreement and term sheet (collectively, the "Term Sheet") with Juno Online Services, Inc. ("Juno"). Pursuant to the Term Sheet, the Debtors have agreed to refer the subscribers to their Internet service to the similar service operated by Juno and to transfer to Juno certain Internet domain names. Pursuant to the Term Sheet and subject to the conditions set forth therein, Juno has agreed to compensate the Debtors based upon the number of subscribers who sign up for Juno's service and who meet certain conditions, as more particularly set forth therein. Such compensation, which varies depending upon the number of subscribers who qualify, consists of a combination of cash and Juno common stock. Juno is a publicly traded corporation, whose stock is listed on the Nasdaq exchange. At a hearing held on July 19, 2000 in support of an Order approving the proposed Term Sheet the Court approved the Term sheet, subject to the entry of a final order.

4. After the Court's July 19th approval, the Debtor required certain additional inquiries before it was able to make the representations required of it under section 363 of the Code for a final order approving the sale. In the course of events that followed, a dispute arose between Juno and the Debtors, and, as a result thereof, Juno commenced an adversary proceeding against the Debtors, and has, among other things sought to impose sanctions against both the Debtors and the Debtors' counsel. The Debtors have maintained, for their part, that Juno has failed to comply with court ordered discovery in these proceedings. The time to answer the adversary proceeding will expire, pursuant to order of the Court, on October 23, 2000. By reason of the events described above, the

Debtors are without resources to finance the response required by the aggressive litigation tactics of Juno and its counsel.

5. Riker Danzig has agreed to take up the matters concerning the disputes with Juno on a contingency basis, with no funds required of the Debtors unless Riker is successful in obtaining a result for the estates.

6. For the reasons set forth above, the Debtors believe it is appropriate that the Court consider the retention of Riker Danzig as special litigation counsel on an expedited basis.

7. Contemporaneously with the submission of the proposed Order to Show Cause, the Debtors have provided telephonic and/or written notice of the Motion and the submission of the proposed order to Show Cause to counsel to Juno, counsel to WorldCom, Inc. (which has asserted a lien against all of the Debtors' assets), counsel to Lucent., counsel to General Electric Capital Corporation, counsel to WSCY Ventures, counsel to the Creditors' Committee and the Office of the United States Trustee. In addition, the Debtors are prepared to cause to be served the Motion or notice thereof in the form and manner set forth in the prefixed Order to Show Cause within one (1) business day of entry of the Order to Show Cause. The Debtors submit that such notice is sufficient and that no prejudice is likely to result if the Motion is considered by the Court on an expedited basis.

8. It is respectfully submitted that, given the present circumstances, it is appropriate for the Debtors to proceed by Order to Show Cause.

9. No previous application or motion for the relief requested in the Motion has been made to this or any other Court.

                                                                         S/_____
                                                                        DOUGLAS T. TABACHNIK (DT 6337)

Sworn to before me this
5th day of October 2000

s/_____
Sheryl Voter
Notary Public
State of New Jersey
My Commission Expires 6/18/2003

Douglas T. Tabachnik, Esq. (DT-6337)
**LAW OFFICES OF DOUGLAS T. TABACHNIK**
Counsel to the Debtor
Three Osage Drive
Old Bridge, New Jersey 08857-2910
(732) 360-2112

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x    In Proceedings For
                                                                                                                 a Reorganization
                                                                                                                 Under CHAPTER 11
In re:                                                                                                    Case No. 00-41645
                                                                                                through 00-416647 (CB)

SMART WORLD TECHNOLOGIES, LLC, *et. al.*
                       Debtors.
-----------------------------------------------------------x

**APPLICATION OF DEBTORS-IN-POSSESSION FOR
AN ORDER APPROVING RETENTION OF SPECIAL LITIGATION COUNSEL**

        The Application of Debtors, by Steven Daum, President of Smart World Technologies, LLC, FreeWWWeb, LLC and Smart World Communications, Inc. the above-captioned debtors ("Debtors") respectfully shows:

        5.     I am the president and 50% shareholder of Debtors, and I am authorized to make this Application.

        6.     On June 29, 2000 (the "Petition Date"), the Debtors filed a voluntary petition for reorganization pursuant to Chapter 11 of Title 11 of the United States Code.

        7.     The Debtors wish to retain the law firm of Riker, Danzig, Scherer, Hyland & Perretti LLP (the "Firm"), as their Special Counsel in this Chapter 11 proceeding pursuant to 11 U.S.C. §§ 327 and 328 and Fed. R. Bankr. P. 2014, to provide legal services, including, but not limited to, the following:

        (a)     Prepare all necessary applications, pleadings, orders, reports and other legal documents required in connection with the Debtor's contested

(a) Prepare all necessary applications, pleadings, orders, reports and other legal documents required in connection with the Debtor's contested matters with Juno Online Services, Inc., including all adversary proceedings between the Debtors and Juno Online Services, Inc.

(b) Participate in the negotiation of any settlement of any contested matters between the Debtors and Juno Online Services, Inc.; and

(c) Perform such other services as are in the interest of the Debtor and its estate in connection with the contested matters between the Debtors and Juno.

4. The Firm maintains offices at Headquarters Plaza, One Speedwell Avenue, Morristown, New Jersey 07962-1981, has several lawyers who are duly admitted to practice in this Court and has considerable experience in matters of this nature. The Debtors believe that the Firm is qualified to represent it in this proceeding.

5. Except as is expressly set forth in the accompanying Affidavit of Disinterestedness by Warren J. Martin Jr. Esq., a member of the Firm, the Firm has no connection with the Debtors or its creditors, does not represent any interest adverse to the Debtors or its creditors and is a "disinterested person" as that term is defined in 11 U.S.C. § 101(14).

6. The firm has agreed to compensation on a contingency basis in accordance with a letter dated October 31, 2000 annexed hereto. The Firm will not seek any monies from the Estate, including reimbursement of disbursements, unless it is successful.

7. The Debtors respectfully submit that the within application is necessary and useful to the estate for the following reasons: On July 19, 2000, this Court approved a motion for the sale of substantially all of the debtors assets, consisting of its active subscribers and domain names to Juno

Online Services, Inc. This approval was subject to presentment of a final order approving the sale. Due to certain questions that arose after the July 19th approval, the Debtor was unable, absent further inquiry, to make the representations required of it under section 363 of the Code. Juno has taken the position that the Debtors have breached their obligations to Juno, have commenced an adversary proceeding against the Debtors and have sought sanctions and other related relief against both the Debtors and Debtors' counsel. Juno has taken the position that it will not pay the Debtors pursuant to the aforesaid sale, pending resolution of disputed between the Debtors and Juno. This is notwithstanding the fact that Juno now possesses all of the Debtors heretofore-active subscribers, thus depriving the debtors with any funds with which to actively protect their interests. Accordingly, the Debtors are in need of counsel with sufficient resources to litigate the matters at hand with Juno on a contingency basis. The Debtors respectfully submit that, without the relief requested in this application, they will not have the resources to protect theirs and the creditors' interests in this case as well as to meet the aggressive litigation tactics employed by Juno and to otherwise ensure that there is an estate for distribution to creditors.

WHEREFORE, the Debtors respectfully request the entry of an Order approving the Debtors' retention of Riker, Danzig, Scherer, Hyland & Perretti LLP, as its special litigation counsel in this Chapter 11 proceeding.

Dated: November 7, 2000

        SMART WORLD COMMUNICATIONS, INC.

        By: s/_____
            Steven Daum, Chairman and CEO

        SMART WORLD TECHNOLOGIES, LLC

        By: s/_____
            Steven Daum, Chairman and CEO

        FREEWWWEB, LLC

        By: s/_____
            Steven Daum, Chairman and CEO

# RIKER, DANZIG, SCHERER, HYLAND & PERRETTI LLP

HEADQUARTERS PLAZA
ONE SPEEDWELL AVENUE
PO BOX 1981
MORRISTOWN, NEW JERSEY 07962-1981
(973) 538-0800
FAX (973) 538-1984

50 WEST STATE STREET
SUITE 1010
TRENTON, NEW JERSEY 08608-1220
(609) 396-2121
FAX (609) 396-4578

October 31, 2000

**VIA FAX – 732-360-1115**

Douglas T. Tabachnik, Esq.
3 Osage Drive
Old Bridge, NJ 08857

Re: **Smart World Technologies, LLC, et al.**

Dear Mr. Tabachnik:

We have had a number of discussions over the last several weeks about the terms upon which Riker, Danzig, Scherer, Hyland & Perretti LLP ("Riker Danzig") would handle disputes between the debtor and Juno Online Services ("Juno") on a contingent fee basis. Based upon discussions with the secured creditors, wherein they spoke with us to renegotiate our payment terms, and based upon the approval of our Executive Committee, we would be prepared to take the case in consideration of the following payment terms: 1) Riker Danzig would be paid all expenses off of the top of any recovery and, after payment of expenses, would receive 33 1/3% of the first $1,500,000 obtained from Juno[1]; 2) Riker Danzig's share of funds in excess of $1,500,000 but less than $8 Million would be (a) 0% if the litigation lasts less than 6 months, (b) 10% if the litigation lasts from 6 months to 9 months, c) 20% if the litigation lasts between 9 months and 12 months; (d) 33 1/3% if the litigation lasts more than 12 months; 3) Riker Danzig would receive 40% of all funds received in excess of $8 Million, regardless of when obtained.

---

[1] This would not include any funds obtained from Juno prior to our retention.

Douglas G. Tabachnik, Esq.
October 31, 2000
Page 2

      We look forward to the opportunity to work on behalf of the debtor and thank you for the work you have done this far.

                          Very truly yours,

                          James S. Rothschild, Jr.

JSR/sas
cc: Gerald Liloia, Esq.
    Warren Martin, Esq.
    Glenn Curving, Esq.

2964558.01

Douglas T. Tabachnik, Esq. (DT-6337)
**LAW OFFICES OF DOUGLAS T. TABACHNIK**
Counsel to the Debtor
Three Osage Drive
Old Bridge, New Jersey 08857-2910
(732) 360-2112

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x In Proceedings For a
                                                                                                   Reorganization
                                                                                                   Under CHAPTER 11
In re:                                                         Case No. 00-41645 (CB) through
SMART WORLD TECHNOLOGIES, LLC, *et. al.*           00-416647 (CB)
                    Debtors.
------------------------------------------------------------x

**AFFIDAVIT OF DISINTERESTEDNESS BY WARREN J. MARTIN IN SUPPORT OF APPLICATION OF SMART WORLD TECHNOLOGIES, LLC, FREEWWWEB, LLC, AND SMART WORLD COMMUNICATIONS, INC. FOR ORDER APPROVING RETENTION OF SPECIAL COUNSEL**

STATE OF NEW JERSEY   )
                                   SS:
COUNTY OF MORRIS      )

      WARREN J. MARTIN JR., being duly sworn upon his oath, deposes and says:

I am an attorney-at-law of the State of New Jersey and am a member of the law firm of Riker, Danzig, Scherer, Hyland & Perretti LLP (the "Firm"). I submit this Certification in support of the Application of the above-captioned Debtors, Smart World Technologies, LLC, FreeWWWeb, LLC and Smart World Communications, Inc. ("Debtors"), to retain the Firm as its special counsel in its action against Juno growing out of this Chapter 11 proceeding.

1

Several lawyers in the Firm are duly admitted to practice in the United States District Court for the Southern District of New York.

This firm does no work for Juno and has never done any work for Juno. No attorney in the Firm holds a direct or indirect equity interest in the Debtors or has a right to acquire such an interest. One attorney is married to an owner of less than one half of one percent of the Debtors' stock.

No attorney in the Firm is an officer, director or employee of the Debtors, is in control of the Debtors, or is a relative of a director, officer or person in control of the Debtors.

Because of the size of the Firm and the number of cases handled by the Firm, the Firm has had some prior relationships with two of the creditors in wholly unrelated matters. These are GE Capital and Lucent Technologies, both of which the firm has represented in small matters over the years. These representations each amount to less than one half of one percent of the Firm's annual revenues. Other than these two creditors, however, the Firm has not represented any interest adverse to the Debtors or its creditors, and does not currently represent any interest adverse to the Debtors or its creditors.

The Firm is a "disinterested person" within the meaning of 11 U.S.C. § 101(14).

The Firm will be rendering services to the Debtors on a contingent fee basis as set forth in the annexed September 28, 2000 letter from Warren J. Martin Jr.

Pursuant to 11 U.S.C. § 504, no agreement or understanding in any form or guise exists between the Firm and any other person for the division of any compensation to be paid to

the Firm in this proceeding.  <u>See</u> Statement Pursuant To Bankruptcy Rule 2016(b) and Bankruptcy Code Section 329 submitted simultaneously herewith.

>S/_____
>Warren J. Martin Jr.
>     RIKER, DANZIG, SCHERER,
>     HYLAND & PERRETTI LLP
>     Headquarters Plaza
>     One Speedwell Avenue
>     Morristown, NJ 07962-1981
>     (973) 538-0800

Sworn to and subscribed before
me this 4th day of October, 2000

s/ James Rothschild_____
An attorney at Law of the
State of New Jersey

Certificate of Service

Douglas T. Tabachnik, counsel for the Debtor herein, hereby certifies that on the date hereof, he served the foregoing documents parties at the addresses indicated below by the means indicated.

Dated: November 8, 2000

                                       s/_____
                                     Douglas T. Tabachnik (DT 6337)

By Telecopier:

| W. James Cousins, Jr. Esq. | Patricia Schrage, Esq. | Michelle T. Wirtner, Esq. |
| --- | --- | --- |
| McGowan & Cousins, P.C. | Office of the United States Trustee | Fox, Rothschild, O'Brien & Fra |
| 15 Cannon Road | 33 Whitehall St., 21st Floor | 2000 Market Street, 10th Floor |
| Wilton, Ct. 06897 | New York, NY 10004 | Philadelphia, PA 19103-3291 |
| (203) 563-7250 | (212) 668-2255 | (215) 299-2150 |
| Bruce Frankel, Esq. | Arnold J. Ross, Esq. | Ms. Elaine Stuart |
| Angel & Frankel | 605 Third Avenue | Leastec Corporation |
| 460 Park Avenue, 8th Floor | New York, NY 10158 | 1000 So. McCaslin Boulevard |
| New York, NY 10022 | | Superior, CO 80027 |
| (212) 752-8393 | (212) 818-1938 | (720) 304-1716 |

By E-mail:

| | Jeffrey A. Deller, Esq. | Bernard Green, Esq. |
| --- | --- | --- |
| | Klett Lieber, Rooney & Schorling, P.C. | Green and Gross, P.C. |
| | One Oxford Center, 40th Floor | 1087 Broad Street |
| | Pittsburgh, PA 15219-6498 | Bridgeport, Ct. 06604 |
| | JADeller@klettrooney.com | bg@gglaw.net |
| Christopher Beard, Esq. | Leslie Berkoff, Esq. | Peter A. Chapman, Esq. |
| Beard & Beard | Morritt, Hock, Hameroff & Horowitz, | 24 Perdicaris Place |
| 4601 North Park Avenue | 400 Garden City Plaza, Suite 202 | Trenton, NJ 08618 |
| Chevy Chase, Md. 28015 | Garden City, New York 11530 | |
| chris@beard.com | LBerkoff@MHHLaw.com | Peter@bankrupt.com |
| Robert C Cordaro, Esq. | Bruce Frankel, Esq. | Edward J. Leen, Esq. |
| 633 East Drinker Street | Angel & Frankel | Brown Raysman Millstein Feld |
| Dunmore, PA 18512 | 460 Park Avenue, 8th Floor | 120 West 45th Street |
| | New York, NY 10022 | New York, NY 10036 |

rcordaro@aol.com

Joseph Lubertazzi, Esq.
McCarter & English
4 Gateway Center
P.O. Box 652
Newark, NJ 07101-0652

JLubertazzi@McCarter.com

Rochelle Weisburg, Esq.
Angel & Frankel
460 Park Avenue, 8th Floor
New York, NY 10022

rweisburg@angelfrankel.com

Richard W Hill, Esq.
McCarter & English, LLP
Four Gateway Center
100 Mulberry Street
Newark, NJ 07102-4096

rhill@mccarter.com

Martin A. Mooney, Esq.
Deily, Dautel & Mooney, LLP
Eight Thurlow Lane
Albany, NY 12203

LManke@ddmlaw.com


Meredith Russell, Esq.



MERussel@aol.com

The Port Authority of NY & NJ
Office of Milton H. Pachter
One World Trade Center – 68NE
New York, NY 10048
Attn: Timothy Stickelman, Esq.

tstickel@panynj.gov

bfrankel@angelfrankel.com

Sandra Mayerson, Esq.
Holland & Knight LLP
195 Broadway
New York, New York 10007-3189

smayerson@hklaw.com

Carl Youngman
WSCY Ventures
28 State Street, 37th floor
Boston, MA 02109-1775

cmyoungman@cs.com

Edward M. Fox, Esq.
Richards & O'Neil, LLP
885 Third Avenue
New York, NY 10022-4873

efox@richoneil.com

Eric Streich, Esq.
271 Madison Avenue
Suite 1108
New York, NY 10016

espc@ericstreichpc.com

David Dunn, Esq.
Hogan & Hartson, LLP
100 Park Avenue
New York, NY 10017

Ddunn@HHLaw.com

eleen@Brownraysman.com

Stephen J. Quine, Esq.
Clifford Chance Rodgers & We
200 Park Avenue
New York, NY 10166

stephen.quine@cliffordchance

Henry M. Karwowski, Esq.
Rabinowitz, Trenk, Lubetkin &
200 Executive Drive, Suite 225
West Orange, NJ 07052-3303

hkarwowski@rtlt.com

Richard P. Romeo, Esq.
Salon, Marrow, Dyckman, & No
685 Third Avenue
New York, NY 10017

RRomeo@Salonmarrow.com

Paul W. Carey
Mirick, O'Connell, DeMallie &
1700 BankBoston Tower
100 Front Street
Worcester, MA 01608

pwcarey@modl.com

Douglas T. Tabachnik, Esq. (DT 6337)
**LAW OFFICES OF DOUGLAS T. TABACHNIK**
Counsel to the Debtor
Three Osage Drive
Old Bridge, New Jersey 08857-2910
(732) 360-2112

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x

SMART WORLD TECHNOLOGIES, LLC, et al.,
                           Debtors.

------------------------------------------------------------x

In Proceedings For a Reorganization
Under
CHAPTER 11
Case No. 00-41645 (CB) through
00-416647 (CB)

## ORDER TO SHOW CAUSE RETAIN TO SPECIAL LITIGATION COUNSEL

      Upon the annexed motion (the "Motion") of Smart World Technologies , LLC, Freewwwebb, LLC and Smart World Communications, Inc. (collectively, the "Debtors") for entry of an order authorizing the retention of the law firm of Riker Danzig Scherer, Hyland & Perretti, LLP ("Riker Danzig") as special litigation counsel; and upon the annexed Affidavit of Warren J. Martin, Jr., Esq. in support of this Motion, the Annexed affidavit of Douglas T. Tabachnik, pursuant to local rule 9077-1; and due deliberation thereon having been had; and sufficient cause appearing for the relief requested; it is

      **ORDERED,** that all parties in interest show cause before the Honorable Cornelius Blackshear, United States Bankruptcy Judge, in Courtroom 601 of the United States Bankruptcy Court, Alexander Hamilton Custom House, One Bowling Green, New York, New York (the "Bankruptcy Court") on the 14th day of November, 2000 at 2:00 pm, or as soon thereafter as counsel may be heard, why an order should not be entered, pursuant to 11 U.S.C. §§ 327 and 328 and Fed. R.

1

may be heard, why an order should not be entered, pursuant to 11 U.S.C. §§ 327 and 328 and Fed. R. Bankr. P. 2014, authorizing the retention of Riker Danzig as special litigation counsel; and it is further

**ORDERED,** that the Debtor shall serve upon (i) the United States Trustee; (ii) Lawrence P. Gottesman, Esq., counsel for Juno Online Services, Inc.; (iii) Sandra Mayerson, Esq., local counsel for Worldcom, Inc.; (iv) Angel & Frankel. P.C., counsel for the Official Unsecured Creditors' Committee; (v) Douglas T. Tabachnik, Esq., counsel for the Debtors, (vi) Riker Danzig Scherer Hyland Perretti, LLP, 50 West State Street, Suite 1010, Morristown, NJ 07962-1981, and (vii) those entities that have filed a Notice of Appearance and Demand for Service of Papers a copy of this Order to Show Cause, including all supporting papers and exhibits, by hand, fax, e-mail or overnight mail on or before 4:00 p.m. on November 9, 2000; and it is further

Dated: New York, New York
       November 9, 2000

                                                                       _____
                                                                       HONORABLE CORNELIUS BLACKSHEAR
                                                                       UNITED STATES BANKRUPTCY JUDGE